IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) ) ) | No. 13 C 6834 |
| v. | | Judge Virginia M. Kendall |
| MARVIN BERKOWITZ, | | |

## MEMORANDUM OPINION AND ORDER

Petitioner Marvin Berkowitz moves this Court for collateral relief from his 2011 conviction for tax fraud seeking both a hearing and the ability to be present at any status hearings that this Court might hold regarding his petition. Because his petition is untimely, this Court denies his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [1]. Accordingly, his request for an evidentiary hearing [18] is also denied.

## BACKGROUND

On February 17, 2009, a federal grand jury indicted Marvin Berkowitz for leading a conspiracy in which dozens of individuals submitted thousands of fraudulent federal and state income tax returns using identities of federal inmates, resulting in over $20 million in claimed IRS refunds and over $15 million in claimed state refunds. On January 14, 2011, Berkowitz pled guilty to two counts of a superseding indictment. This Court sentenced Berkowitz to 220 months in prison and restitution in excess of $10 million. On August 24, 2011, judgment was entered. Berkowitz did not appeal. He now asks this Court to vacate, set aside, or correct his sentence.

**DISCUSSION**

**I. Timeliness**

Berkowitz had one year to collaterally challenge his conviction. *See* 28 U.S.C. § 2255(f). The limitation period runs from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1-4). In this case, Berkowitz was sentenced on August 24, 2011. He had fourteen days from the entry of judgment, or until September 7, 2011, to file a notice of appeal but did not do so. Fed. R. App. P. 4(b)(1)(A)(i) (requiring defendant to file notice of appeal within fourteen days of entry of judgment). Under (f)(1), Berkowitz's judgment of conviction became final—and the limitation period for his 2255 petition began to run—upon the expiration of the deadline to appeal on September 7, 2011. *See Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013) (sentence final upon expiration of deadline to file notice of appeal). Berkowitz then had one year, or until September 7, 2012, to file his 2255 petition, but did not do so. Instead, he waited until September 20, 2013 to file this petition: more than a year after it was due.

A petitioner who fails to file his collateral attack within the one-year period defined by subsection (f)(1) may not bring such petition unless there was some governmental impediment to his timely making the motion; the facts supporting the collateral attack were not timely

discoverable despite the exercise of due diligence; there now exists a newly-recognized constitutional right that is retroactively applicable to cases on collateral review; or there exists some other "extraordinary circumstances far beyond the litigant's control" to warrant equitable tolling. *See* 28 U.S.C. § 2255(f)(2-4); *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Berkowitz sets forth no grounds for relief from the untimely filing of his claims challenging restitution and ineffective assistance of counsel and those two claims are dismissed as untimely. He does, however, argue that his first claim, challenging his 220-month sentence as an "unlawful enhancement," (Dkt. No. 3, p. 6), is saved under subsection (f)(3) because such claim is based on a right that was not recognized by the Supreme Court until it decided *Alleyne* on June 17, 2013.[1] *See Alleyne v. United States*, 133 S. Ct. 2151 (2013).

Preliminarily, the Court notes that this claim fails because *Apprendi* and *Alleyne* do not apply in this case. Berkowitz was not sentenced for any charges carrying mandatory minimums and, contrary to Berkowitz's argument, his sentence was within the advisory guideline range set by law, stated in his plea agreement, and explained by this Court at both his change of plea and sentencing hearings. *See United States v. Hernandez*, 2013 WL 4804323, at *5 (7th Cir. 2013) (finding "no *Alleyne* error" where sentencing court's drug quantity calculation "did not affect the statutory mandatory minimum that [defendant] faced," and instructing that, "[a]s Guidelines ranges are only advisory, the Fifth and Sixth Amendment requirements do not apply").

Moreover, even if *Apprendi* and *Alleyne* did apply, subsection (f)(3) would not apply because *Alleyne* should not be retroactively applied to cases on collateral review. *See Simpson v.*

---

[1] To the extent Berkowitz's first claim arises from *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), subsection (f)(3) does not apply because *Apprendi* was decided before Berkowitz was sentenced and could therefore not have created a "newly-recognized" constitutional right as applied in this case. Because Berkowitz's petition presents no other ground for relief under these circumstances, the first claim is time barred to the extent it arises from *Apprendi*.

3

*United States*, 721 U.S. 875, 876 (7th Cir. 2013) (observing Supreme Court unlikely to declare *Alleyne* retroactively applicable); *see also, e.g.*, *Hernandez v. United States*, 51 F. Supp. 3d 745, 756 (N.D. Ill. 2014); *United States v. Partee*, 2014 WL 584874, at *5 (N.D. Ill. 2014). Because Berkowitz provides no other grounds for excusing his claim regarding sentencing, this claim is also dismissed as untimely. However, as only the Supreme Court can make the final declaration of retroactivity, this Court will proceed to the merits of Berkowitz's sentencing claim. *See id.* (citing *Dodd v. United States*, 545 U.S. 353 (2005); *Tyler v. Cain*, 533 U.S. 656 (2001)).

## II. Merits

### A. Sentencing

Even if Berkowitz's first claim were not time barred, it fails on the merits because this Court did not err in the standard of review it applied during sentencing. While true that generally a jury must find the facts "triggering a statutory minimum" beyond a reasonable doubt, where—as here—the defendant enters a plea of guilty and admits to the facts relevant to the sentencing guidelines calculation, the district court does not need to make a finding of those facts beyond a reasonable doubt. *United States v. Ramirez*, 528 F. App'x 678, 679 (7th Cir. 2013) (district court not required to make findings of drug quantity beyond reasonable doubt where defendant pled guilty and admitted to quantity) (citing *Alleyne*, 133 S. Ct. 2151; *United States v. Rutley*, 2012 WL 1950408, at *2 (7th Cir. 2012) ("As we have said many times, . . . *Apprendi* does not require that guidelines issues be submitted to the jury because the guidelines are advisory."); *United States v. Collins*, 272 F.3d 984, 987–88 (7th Cir. 2001) (defendant waived right to jury determination of drug quantity by stipulating to amount of crack cocaine involved in case); *United States v. Warneke*, 310 F.3d 542, 550 (7th Cir. 2002); *United States v. Yancy*, 2013 WL 3985011, at *4 (6th Cir. 2013) (explaining that *Alleyne* did not change rule that, when

4

government seeks statutory sentencing enhancement, defendant's guilty plea and admissions during plea colloquy relieve government of burden of proving facts to jury beyond a reasonable doubt)). Because this Court was not required to make findings of fact beyond a reasonable doubt in this case and instead reasonably relied upon the facts set forth in Berkowitz's plea agreement and other representations to the Court, his first claim is meritless.

### B. Restitution

Berkowitz next contends that this Court's restitution order is "per se" illegal because it was calculated based on a preponderance of the evidence instead of beyond a reasonable doubt. (Dkt. No. 3, p. 9.) As discussed above, this claim is time barred. However, even if it were not, this claim would fail because a 2255 motion is "unavailable to challenge a restitution order imposed as part of a criminal sentence." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009) (citing *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997)). Moreover, and more to the point, this claim is patently meritless because the standard for resolving any dispute over the proper amount or type of restitution is provided by statute, which requires courts to rule by preponderance of the evidence and not beyond a reasonable doubt. 18 U.S.C. § 3664(e).

### C. Ineffective Assistance of Counsel

Lastly, Berkowitz claims that his counsel was ineffective for failing to: (1) timely file a notice of appeal following sentencing; (2) advise him that the "government had to prove, beyond a reasonable doubt, each and every factor and component that could or would affect the severity of defendant's punishment.;" (3) "move to dismiss the indictment for violation of the Speedy Trial Act;" and (4) challenge "the court enhancement of his sentence." (Dkt. No. 3, p. 16-17, 19.) This claim is also time barred, but even if it were not, it too is meritless. Even assuming Berkowitz's trial counsel failed to inform him of his right to appeal, advise him of the

government's burden of proof, and challenge the Court's "enhancement" of his sentence, Berkowitz's claim fails because he was fully aware of all of these requirements and suffered no prejudice under *Strickland*. *See Strickland v. Washington*, 104 S. Ct. 2052 (1984).

Berkowitz's plea agreement expressly states—and this Court clearly explained at both his change of plea and sentencing hearings—that any appeal of the validity of his guilty plea or the sentence imposed needed to be filed within fourteen calendar days of the entry of the judgment of conviction. The Court explained: "…you will only be able to appeal the validity of this plea agreement and the sentence that I impose. Now, if you do appeal you only have fourteen days from the entry of judgment and commitment order to appeal, so this is a reminder of that in your plea agreement." (Unofficial Transcript, 1/14/11, p. 27-28). Berkowitz was similarly informed that, by entering into a plea agreement, he was waiving his trial rights—including the right to be deemed innocent until proven guilty beyond a reasonable doubt. (*Id*. at 25-27). The Court also confirmed, prior to Berkowitz changing his plea, that he had been informed by his counsel and understood that "the total amount of prison time that [he] could be facing is 25 years, and then the total fine could be $500,000 or twice the gross gain […] whichever is greater, a period of supervised release, the special assessment of $200, and then any restitution that [the Court] would order at the time of sentencing." (*Id*. at 9-10). That Berkowitz now appears to have buyer's remorse for entering into this plea agreement does nothing to create a constitutional violation where one does not exist.

The Court finds it relevant in this case that Berkowitz is highly intelligent as evidenced by the complexity of the scheme that he led in this underlying action, as well as his academic pedigree—including a graduate degree from the University of California at Berkley. The record indicates no history of mental health or drug addiction problems, nor any alcohol dependency.

6

Berkowitz's cries of ineffective assistance are belied by his statements during the plea colloquy. *See United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008) (a defendant's statements at a plea colloquy are presumed to be true). The Court conducted a thorough plea colloquy where Berkowitz demonstrated his competence to plead guilty, his understanding of the charges brought against him, and his review of the plea agreement with his attorney. Specifically, Berkowitz, under oath, stated that he reviewed the plea agreement with his attorney, spoke with him about it, asked him questions about it, received answers to those questions, and that he was satisfied with his attorney's representation. (Unofficial Transcript, 1/14/11, p. 8-9).

Moreover, Berkowitz represented himself in two prior actions, thereby acquiring significant experience with judicial procedures. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991). Most recently, from around 1989 until 1991, Berkowitz defended himself against two counts of obstruction of justice and one count of stealing government property before another District Court for the Northern District of Illinois and then on appeal to the Seventh Circuit Court of Appeals. *See id*. The Seventh Circuit noted Berkowitz's keen intelligence, observing that he was a college graduate, understood the distinction between having standby counsel and being represented by counsel, actively participated in discovery, and "demonstrated a fairly sophisticated understanding of the judicial process." *Id*. at 1384. That the charges in this case are different from those in the 1991 appeal does not negate the fact that Berkowitz knew, among other things, how and when to appeal a criminal conviction. Based on the foregoing, this Court concludes that Berkowitz did not suffer any prejudice from his attorney's representation of him and that both the plea agreement and the facts and representations contained therein are valid.

Finally, the Court notes that Berkowitz's right to a speedy trial was not violated. Under 18 U.S.C. § 3161(h)(8), this Court has "broad discretion" to accommodate limited delays under circumstances consistent with the Act. *See Blake v. United States*, 723 F.3d 870, 887 (7th Cir. 2013). And, this Court clearly acted within that discretion in excluding time from the Speedy Trial Clock on various occasions in these proceedings, each time referencing and justifying such exclusions orally and in written orders. (*See* Dkt. No. 151, 156, 172, 178, 179, 191, 241, 245, 301); s*ee also, e.g., Armstead v. United States*, 2013 WL 3790903, at *7 (N.D. Ill. 2013); *United States v. Tomkins*, 2012 WL 1579339 (N.D. Ill. 2012). Berkowitz and his attorney were present at every court hearing where time was excluded and, despite this Court routinely asking whether there was any objection to the exclusion of time, the attorney never dissented and Berkowitz never asked him to dissent. Even if Berkowitz's counsel had brought a motion to dismiss on the basis of a Speedy Trial Act violation, it would have had no chance of success because Berkowitz consented to or waived delay.

**III. Certificate of Appealability**

The Court does not need an evidentiary hearing to decide any issues currently before it and it declines to issue a certificate of appealability. Unless the Court issues a certificate, an appeal may not be taken to the United States Court of Appeals from this Court's judgment in a Section 2255 proceeding. *See* 28 U.S.C. § 2253(c); *see also Buie v. McAdory*, 322 F.3d 980, 981 (7th Cir. 2003). The decision of whether or not to grant a certificate of appealability is a screening device used to conserve judicial resources and prevent the Courts of Appeals from being overly burdened with unmeritorious petitions to vacate, set aside, or correct a sentence pursuant to Section 2255. *See Young v. United States*, 124 F.3d 794, 799 (7th Cir. 1997). Courts may only grant a certificate of appealability when the petitioner has presented "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 649 (2012). A substantial showing of the denial of a constitutional right requires the petitioner to show that reasonable jurists could find room to debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to entitle the petitioner to proceed further with his claims. *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citation omitted).

Here, Berkowitz's claims are both untimely and denied on the merits. "When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue only when the prisoner shows "both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added). Similarly, to obtain a certificate of appealability based on a ruling on the merits, Berkowitz must demonstrate that reasonable jurists would find the Court's assessment of his claim either debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack*, 529 U.S. at 484). In this case, reasonable jurists of reason would not find it debatable that Berkowitz's petition is untimely or meritless. Therefore, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons stated, Berkowitz's motion under 28 U.S.C. § 2255 is denied, as is his request for an evidentiary hearing.

Date: 5/29/2015

Virgin[signature]
United States District Judge

9